portation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51731.**—Protest 116199–K of Siegfried Loewenthal Co. (Cleveland).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of barrels numbered 51, 105, 147, 181, 188, 238, and 371, was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51732.**—Protest 118662–K of Paramount Distillers, Inc. (Cleveland).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of barrels numbered 8, 27, 74, 109, 140, 148, 156, 172, 182, and 189, was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51733.**—Protest 120686–K of Siegfried Loewenthal Co. (Cleveland).

Opinion by EKWALL, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of barrels numbered 345, 392, 516, and 550, was lost in transit from the port of exportation to the port of destination due to breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, MAY 20, 1947

**No. 51734.**—Protest 116113–K of H. Fendrich (Indianapolis).

MOLLISON, Judge: In December 1943, the plaintiff (a corporation) in this case imported into the United States 91 bales of leaf tobacco from Cuba. It was all invoiced as "unstemmed fillers tobacco" and was entered as unstemmed filler tobacco at the rate of 28 cents per pound under the provisions of paragraph 601, Tariff Act of 1930 (19 U. S. C. 1940 ed. §1001, par. 601), apparently as amended